RECEIVED

JAN 1 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JAVIER ARINSON LANDAZURI** | **CRIMINAL NO. 98-60030-02** |
| VS. | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION ON MOTION TO ELIMINATE ENHANCEMENTS AND REDUCE SENTENCE
*(Rec. Doc. 673)*

On December 27, 2005, petitioner Javier Arinson Landazuri filed a Motion to Eliminate Enhancements and Reduce Sentence. For the following reasons, it is recommended that the motion be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. §2244 to file the instant habeas corpus motion in this district court.

### *Factual and Procedural Background*

On September 9, 1998, Landazuri was charged in the following two counts of a sixteen-count indictment:

1. Count One: Conspiracy to distribute cocaine base, also known as known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846;

2. Count Sixteen: Criminal forfeiture of proceeds or property used to facilitate drug transactions in violation of 21 U.S.C. § 853.

On August 10, 1999, Landazuri pleaded guilty to Count One and the forfeiture count was dismissed.[1] On January 25, 2000, Landazuri was sentenced to 235 months in prison.[2] On July 25, 2001, the Fifth Circuit affirmed Landazuri's sentence in an unpublished opinion. United States of America v. Landazuri, No. 00-30148.[3]

On May 22, 2002, Landazuri filed a motion for relief under 28 U.S.C. §2255, raising eight claims centering around the argument that his sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[4] That motion was denied and dismissed with prejudice by the district judge on April 11, 2003.[5] Both the district court and the Fifth Circuit denied Landazuri's requests for certificates of appealability.[6]

On December 27, 2005, Landazuri filed the instant Motion to Eliminate Enhancements and Reduce Sentence, arguing that he is entitled to relief under United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

### *Legal Analysis*

Although Landazuri's motion is not styled as a motion under § 2255, it must be read as such. Landazuri seeks to reduce his sentence, alleging that the trial judge illegally increased his sentence based upon facts which were not presented to the jury during his trial. Thus, the

---

[1] Rec. Doc. 381.

[2] Rec. Doc. 504.

[3] Rec. Doc. 582.

[4] Rec. Doc. 602.

[5] Rec. Doc. 627.

[6] Rec. Docs. 629 & 631, respectively.

motion is the functional equivalent of a motion to vacate, set aside, or correct an illegal sentence under § 2255, and it is recommended that it be construed as such. *See* United States v. Rich, 141 F.3d 550 (5th Cir. 1998) (construing a Rule 60(b) motion as a successive § 2255 motion and explaining that, "There is a trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255.").

Moreover, as this is not Landazuri's first § 2255 motion, the court is not required to give Landazuri notice of its intention to recharacterize the motion. *See* Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (a "court cannot so recharacterize a *pro se* litigant's motion as the litigants's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."); *see also* United States v. Brown, 132 Fed.Appx. 430 (4th Cir. 2005) (unpublished) (no error in recharacterizing Rule 60(b) motion as a § 2255 motion without giving notice when it is not the petitioner's first § 2255 motion.)

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), once an inmate's motion for relief pursuant to §2255 has been denied, he may not file a second or successive motion without leave of court from the Fifth Circuit Court of Appeal. 28 U.S.C.A. §2244(b)(3)(A). Section 2255 limits such certification to motions involving: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A subsequent motion to vacate sentence is "second or successive," and thereby subject to restrictions under AEDPA, when it: (1) raises a claim challenging petitioner's conviction or sentence that was or could have been raised in earlier petition, or (2) otherwise constitutes abuse of writ, and a court is proper in dismissing the successive motions for lack of subject matter jurisdiction. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). A subsequent motion is not second or successive if the original motion was not dismissed on the merits. Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that a claim raised for the first time after the original habeas petition was denied was not second or successive because the first petition was dismissed only for technical procedural reasons, i.e., the claim presented was premature); Slack v. McDaniel, 120 S.Ct. 1595, 146, L.Ed.2d 542 (2000) (holding that claims are not second or successive when raised in a subsequent petition that are filed after the original petition has only been dismissed for failure to exhaust).

In the case at bar, all eight grounds that Landazuri raised in his original 2255 motion were dismissed on the merits. Therefore, the undersigned construes the instant motion as a motion for authorization to file a second or successive habeas motion. See, e.g., In re Smith 142 F.3d 832, 833-34 (5th Cir. 1998) (noting that district court, under AEDPA, properly construed a fourth-filed habeas motion as a request for authorization to file a successive habeas motion and transferred the motion to the Fifth Circuit). As previously noted, Landazuri may not file a second or successive §2255 habeas motion without first moving in the court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

to consider the application."). See also Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, Landazuri's motion should be transferred to the Fifth Circuit for a determination as to whether he should be allowed to file the motion in district court.

Finally, although it is not an issue for this court to decide, the undersigned notes that the Fifth Circuit recently denied a motion for leave to file a successive §2255 motion raising a Booker claim. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (*per curiam*). The Fifth Circuit held that the United States Supreme Court did not make Booker, and, "by logical extension, Blakely," retroactive to cases on collateral review for purposes of a successive motion under §2255. *See also* Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (*per curiam*) ("[W]e conclude that *Booker* . . . falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (*"Booker* may not be applied retroactively to second or successive habeas petitions."); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that *Booker*'s rule does not apply retroactively in collateral proceedings...."); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005) (*per curiam*) ("[N]either *Booker* nor *Blakely* [*v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005.").

6

*Conclusion*

Therefore, **IT IS RECOMMENDED** that the instant motion be deemed a second or successive §2255 claim and that it be transferred to the Fifth Circuit for a determination of whether Landazuri is authorized to file the second or successive motion.[7]

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

---

[7] 28 U.S.C. §1631 authorizes a transfer in this case:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on ___January 11___, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 1-11-06
BY OB
TO mem
RFD/ms